Filed 4/8/13  P. v. Richey CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARIA ROSARIO TORRES RICHEY,<br><br>    Defendant and Appellant. | G046919<br><br>(Super. Ct. No. 11HF2339)<br><br>   O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meagan Beale and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant is an undocumented immigrant who is facing the prospect of deportation to her native country, Mexico. Working on the assumption this prospect arose because she pleaded guilty to a deportable offense, appellant claims she should be allowed to withdraw her plea because her attorney failed to warn her it would result in her being deported. However, the record shows appellant was adequately advised of the consequences of her plea. It also shows she was subject to deportation irrespective of her plea due to her status as an undocumented immigrant. Therefore, the trial court properly denied her motion to withdraw her plea.

FACTS

On September 15, 2011, appellant was charged in a felony complaint with six counts of commercial burglary and one count each of receiving stolen property and possessing methamphetamine. She was arraigned the same day and entered a plea of not guilty to all of the charges. The minute order from the arraignment hearing states, "Defendant has a Bureau of Immigration and Customs Enforcement [(ICE)] hold."

On September 23, 2011, appellant entered into a written plea agreement with the prosecution. Pursuant to the agreement, appellant agreed to plead guilty to one count of commercial burglary, plus the receiving and possession charges, in exchange for having the remaining charges dismissed. Appellant faced a maximum prison sentence of four years and four months under the agreement, but probation was designated as the "proposed disposition."

The plea agreement also specified that, by pleading guilty, appellant was giving up certain rights and exposing herself to several detrimental consequences. Under the heading of "Immigration consequences," the agreement states, "I understand that if I am not a citizen of the United States the conviction for the offense(s) charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

2

Appellant signed her initials next to this advisement. At the end of the agreement, she also initialed and signed a provision which states: "I declare under penalty of perjury I have read, understood and personally initialed each numbered item above, and I have discussed them with my attorney."

Appellant's attorney also signed the agreement, attesting "I have explained to defendant each of the rights set forth on this form. . . . I have discussed the possible sentence ranges and immigration consequences with defendant."

The plea hearing was held on September 23, 2011, the same day the plea agreement was executed. At the hearing, appellant acknowledged to the court that she had read, initialed and signed the agreement and that she had reviewed it with her attorney. When the court asked her "do you understand that if you're not a United States citizen conviction does have the consequence of deportation, exclusion from admission or denial of naturalization or amnesty pursuant to the laws of the United States," appellant answered, "Yes, sir."

After appellant further acknowledged that she was "pleading guilty freely and voluntarily because [she was] in fact guilty," the court accepted her guilty plea. In so doing, the court found that appellant had been "fully advised of the consequences of [her] plea."

Sentencing was put over until November 18, 2011, at which time the court suspended imposition of sentence and placed appellant on supervised probation. As a condition of probation, appellant was ordered to serve 180 days in jail and report to her probation officer within 72 hours of her release from custody.

However, appellant never had an opportunity to report because on January 9, 2012, an agent with the Department of Homeland Security took her into custody and served her with notice she was subject to removal, i.e., deportation, under the Immigration and Nationality Act. The notice alleged: 1) Appellant is a citizen of Mexico and not the United States; 2) she lawfully entered the United States on July 4, 1996, with

3

authorization to stay in the country until July 31, 1996; and 3) she stayed in the United States beyond that date without authorization. The stated basis for appellant's removal was that she "remained in the United States for a time longer than permitted[.]" The notice did not say anything about her plea or conviction in the present case.

One month later, on February 9, 2012, newly-retained defense attorney Zulu Ali filed a motion to allow appellant to withdraw her guilty plea. Mr. Ali claimed appellant was being deported because she pleaded guilty to an aggravated felony, which requires mandatory deportation under the Immigration and Nationality Act. Mr. Ali further asserted that, had appellant known her guilty plea would result in mandatory deportation, she would have rejected the plea agreement and tried to strike a deal involving a nondeportable offense.

Appellant submitted an accompanying declaration saying as much. She admitted she was a citizen of Mexico and did not have authorization to be in the United States. However, she failed to recognize that was the basis for her pending deportation. Instead, she blamed her immigration woes on her attorney for failing to advise her about the consequences of her guilty plea, one of which she assumed was "mandatory deportation."

The trial court wasn't buying it. It not only found appellant was adequately advised of the consequences of her plea, it also determined she failed to prove she was prejudiced by anything her attorney did or did not do. Therefore, it denied appellant's motion to withdraw her plea.

DISCUSSION

Appellant's brief, submitted by the aforementioned Mr. Ali, is suffused with the idea that appellant was not adequately informed — not by the court, not by her attorney, and not through her plea agreement — that she was subject to deportation. The brief also assumes appellant's guilty plea is the cause of her current immigration troubles. Neither supposition is correct.

4

As to the first point, Mr. Ali repeatedly asserts the trial court did not give appellant "any advisal of the immigration consequences of her plea . . . ." (Appellant's opening brief, p. 11; see also p. 13 [appellant "was given no advisal by the (trial court) regarding immigration."].) However, the truth of the matter is, the trial court specifically admonished appellant on this point. In fact, as set forth above, the court told appellant that if she was not a citizen of the United States, "conviction does have the consequence of deportation." This admonishment went beyond the standard admonishment that trial judges are required to give when accepting a guilty plea. (See Pen. Code, § 1016.5 [trial court need only advise the defendant that conviction "may" result in deportation if they are not a citizen].)

Appellant's plea agreement makes clear that her attorney also went over the immigration consequences of her plea with her. Indeed, both appellant and her attorney attested to this fact on the agreement. Appellant claims she didn't have sufficient time to digest this information because she entered her plea the same day she signed the plea agreement. However, appellant did not so claim in her declaration in the trial court. Instead, she alleged her attorney was remiss for failing to advise her she was pleading guilty to a deportable offense.

That brings us to an even bigger problem for appellant. Appellant assumes she is being deported because of her guilty plea, but the notice from the Department of Homeland Security shows she is being deported because she was not legally in the United States to begin with. Irrespective of which particular offenses she pleaded guilty to, or even whether she pleaded guilty at all, she would still be subject to deportation due to her status as an undocumented immigrant. Therefore, we fail to see how she could have been prejudiced by her attorney's actions.

In *Padilla v. Kentucky* (2010) 559 U.S. 356, 130 S.Ct. 1473, the high court ruled a legal resident of the United States may challenge his guilty plea for lack of proper advisal if the plea itself triggers deportation. However, unlike the defendant in *Padilla*,

5

appellant is an undocumented immigrant and is "deportable for that reason alone. In fact, ICE had placed an immigration hold on [her] prior to [her] guilty plea[]. Therefore, even if counsel failed to advise [her] about the effect of [her] guilty plea[] on [her] deportability, [she] cannot show prejudice because [she] cannot demonstrate that [her] deportability status was a consequence of [her] guilty plea[]." (*Rigoberto v. State* (Tenn.Crim.App. 2012) slip opn. at p. 6, 2012 WL 6115530, citing numerous federal opinions to that effect.)

Absent a showing of prejudice, appellant cannot prevail on her claim for ineffective assistance of counsel. (*Padilla v. Kentucky, supra*, 559 U.S. at p. ___, 130 S.Ct. at p. 1487; *In re Resendiz* (2001) 25 Cal.4th 230, 253-254.) Because the record shows she was adequately advised of the immigration consequences of her guilty plea, and she was subject to deportation regardless of her plea, she is not entitled to relief.[1]

## DISPOSITION

The trial court's order denying appellant's motion to withdraw her guilty plea is affirmed.

BEDSWORTH, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

IKOLA, J.

---

[1] "Our consideration of [appellant's] undocumented status in no way implies that an undocumented defendant can never successfully state a claim of ineffective assistance of counsel. New avenues may open in the ever-changing field of immigration law that change the legal landscape for undocumented people. We simply ask that undocumented defendants address the issue of their particular status and how different performance of counsel could have led to a better outcome." (*Commonwealth v. Marinho* (Mass. 2013) 981 N.E.2d 648, 662, fn. 21.)